IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHANE STEVENS,<br><br>               Plaintiff,<br><br>-against-<br><br><br><br>GENERAL COLLECTIONS &<br>RECOVERIES, INC.,<br><br>               Defendant. | Civil Case Number:<br><br><br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff SHANE STEVENS (hereinafter, "Plaintiff"), a Louisiana resident, brings this action complaint by and through the undersigned attorneys, against Defendant GENERAL COLLECTIONS & RECOVERIES, INC. (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Louisiana and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located at 3720 Macarthur Drive, Alexandria, Louisiana 71302.

.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to February of 2021, an obligation was allegedly incurred to C SCOTT BOAGNI MD.

15. The alleged C SCOTT BOAGNI MD obligation arose out of a transaction in which medical services, which are the subject of the transaction, are primarily for personal or family purposes.

16. The alleged C SCOTT BOAGNI MD obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. C SCOTT BOAGNI MD is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the C SCOTT BOAGNI MD debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. C SCOTT BOAGNI MD directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. Sometime in February 2021, Plaintiff noticed an unfamiliar account on his credit reports.

22. On or about February 12, 2021, Plaintiff sent a letter to Defendant disputing the alleged

    debt and requesting that Defendant cease all collection activity.

23. On or about March 31, 2021, Plaintiff received a call from a representative of Defendant attempting to collect the alleged debt.

24. The March 31, 2021 phone call to Plaintiff from Defendant was a "communication" as defined by 15 U.S.C. §1692a(2).

25. Pursuant to the FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

26. Despite being aware that Defendant was prohibited from calling the Plaintiff at any time in connection with the collection of the alleged debt, Defendant proceeded to call the Plaintiff in connection with the collection of the alleged debt.

27. After receiving the phone call from Defendant, Plaintiff checked his credit reports and found that the account he disputed in writing for C SCOTT BOAGNI MD had not been marked as "disputed" on his credit reports.

28. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. The acts and omissions of Defendant described above injured Plaintiff in a particularized way, in that Defendant was obligated by the FDCPA to supply non-misleading information regarding Plaintiff.

30. Defendant further caused Plaintiff harm by calling the Plaintiff in connection with the collection of the alleged debt when Defendant was fully aware that Plaintiff made a request in writing to Defendant asking them not to contact him in connection with the collection of the alleged debt.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. The Defendant violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Failing to communicate that a disputed debt is disputed in violation of 1692e(8);

    c. Making a false representation or using deceptive means to collect a debt in

violation of 1692e(10).

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692c *et seq.***

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

39. The Defendant violated said section by:

    (a) Communicating with a consumer in connection with the collection of a debt without prior consent of the consumer or the express permission of a court of competent jurisdiction in violation of § 1692c(a).

    (b) Communicating with a consumer in connection with the collection of a debt at a time or place known to be inconvenient to the consumer in violation of § 1692c(a)(1).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(c) Awarding pre-judgment interest and post-judgment interest; and

(d) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 13, 2021

By: /s/ Jonathan F. Raburn
Jonathan F. Raburn, Esq.
McCarty & Raburn,
A Consumer Law Firm, PLLC
2931 Ridge Road, Suite 101 # 504
Rockwall, TX 75032
(225) 412-2777
jonathan@geauxlaw.com

/s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
PRO HAC VICE MOTION TO BE FILED
*Attorneys for Plaintiff*
*Shane Stevens*